UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ANGELA EMERSON,

        Plaintiff,

    -against-                          12 Civ. 4415 (CM)

TIMOTHY F. GEITHNER,
Secretary of the Treasury,

        Defendant.

----------------------------------------x

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

McMahon, J.:

        The complaint in this action alleges that plaintiff, who worked for many years for the Internal Revenue Service – apparently in New Jersey, where she resides – was the victim of employment discrimination. She seeks relief against the Secretary of the Treasury (I assume on the ground that the IRS is part of the Treasury Department, although it has its own head, the Commissioner of Internal Revenue) under federal and New York State and City law. The case was scheduled for a Rule 16 conference this morning; an Assistant United States Attorney showed up to represent Secretary Geithner, but plaintiff's counsel neither appeared nor contacted the court. This order memorializes action that the court would have taken on the record had counsel for plaintiff appeared.

        Assuming the well-pleaded and non-conclusory allegations of the complaint to be true, the complaint is deficient on its face in at least the following ways:

1. Plaintiff alleges that she is a resident of New Jersey, there are no allegations tending to show that plaintiff was employed in New York, and no allegation that Secretary Geithner is a New York resident. Therefore, venue does not lie in this district. See 28 U.S.C. § 1391(b).

2. Because the territorial reach of the New York State Human Rights Law, Executive Law § 296, extends only to non-resident plaintiffs when the challenged activity has an "impact" in the State of New York, plaintiff has no viable claim under that statute on the facts alleged. Hoffman v. Parade Publications, 15 N.Y.3d 285 (2010).

3. Because the territorial reach of the New York City Human Rights Law, Administrative Code § 8-107, likewise extends only to activity that has an "impact" in

the City of New York, plaintiff has no viable claim under that statute, either. Hoffman, 15 N.Y.3d at 289-91.

4. Secretary Geithner is not a proper party defendant on plaintiff's claim under Title VII as applied against a Governmental employer through the medium of 42 U.S.C. § 1983 for at least two reasons: Individuals who work for a plaintiff's employer (in this case, the IRS, since on the allegations of the complaint plaintiff manifestly did not work for Secretary Geithner) are not liable under Title VII, see Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir.2012) ("Title VII does not impose liability on individuals"); and as no personal involvement on Secretary Geithner's part is alleged, he cannot be held liable under Section 1983. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 494 (2d Cir. 2006).

For these reasons, plaintiff's complaint is dismissed sua sponte, without prejudice. If plaintiff can allege any facts that would allow this action to be maintained in New York, she has twenty days to replead. Otherwise, she should bring her case in New Jersey, where she lives and (apparently) worked – and she should bring it under applicable statutes and against proper parties.

Dated: July 27, 2012

_____
U.S.D.J.

BY ECF TO ALL COUNSEL